OPINION
{¶ 1} Defendant-appellant Ronald L. Meeks ("Meeks") brings this case from the judgment of the Court of Common Pleas of Paulding County sentencing him to seven years in prison for a burglary conviction.
 {¶ 2} On November 15, 2002, Meeks was indicted on one count of burglary, a felony of the second degree, and one count of aggravated theft, a felony of the third degree. The arraignment was held on December 4, 2002. After waiving his right to counsel, Meeks entered a guilty plea to the burglary charge and the aggravated theft charge was dismissed pursuant to a plea agreement. The trial court ordered that a pre-sentencing investigation be completed. On January 30, 2003, Meeks was sentenced to seven years in prison and ordered that this sentence be served consecutively to that previously imposed in Hancock County. It is from this judgment that Meeks raises the following assignment of error.
The court erred by not withdrawing [Meeks'] guilty plea when there wasno meeting of the minds in regards to the underlying plea agreement.
 {¶ 3} Meeks argues that since he believed that the State would recommend sentences be served concurrently and the State did not agree to that, no valid agreement was reached. Thus, the trial court should have sua sponte terminated the plea agreement. At no time during the sentencing hearing did Meeks request to withdraw his guilty plea. Meeks just wanted the State to recommend concurrent sentences and for the trial court to accept that recommendation. Since no motion to withdraw the guilty plea was made before the trial court, this court cannot review such a motion. Thus, this court will limit itself to determining if the record indicates whether a breach of the plea agreement occurred.
 {¶ 4} At the arraignment, the following dialogue occurred.
Mr. Burkard: Your Honor, prior to coming into court, I did have the opportunity to talk with Mr. Meeks. And, Your Honor, it's my understanding this morning that based upon the State dismissing Count II of the indictment, which is an aggravated theft, a felony of the third degree, that Mr. Meeks will be proceeding to plead guilty of the burglary charge, a felony of the second degree, with the understanding that he would cooperate with the Paulding County Sheriff's Office in recovering as much of the property that's been removed from the Deitrick house as possible, also with the understanding that my office would communicate with Hancock County, via the prosecutor there, Rob Fry, as far as the cooperation that Mr. Meeks provides us in this case. Your Honor, based upon that plea agreement, the State would at this time move to dismiss Count II of the indictment.
The Court: Mr. Meeks, is that an accurate recital of your understanding of what your agreement is with the prosecuting attorney?
The Defendant: Yes, sir.
Dec. 4, 2002 Tr. 6-7. No mention was made as to sentence recommendations. Thus, the record is devoid of any requirement that the State recommend the sentence be served concurrently to those imposed by Hancock County. The record reveals that the State complied with all of the terms of the plea agreement as read into the record at the arraignment. Any evidence outside of the record cannot be reviewed by this court in this appeal. Therefore, the assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Paulding County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.